**E-FILED**
Tuesday, 14 June, 2005  11:43:02 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | | |
|---|---|---|
| Laurie Rist, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-CV-1013 |
| | ) | |
| City of Peoria, Illinois, | ) | |
| Sonni Williams, in her individual and | ) | |
| official capacities, | ) | |
| Neil Williamson, Sheriff of Sangamon | ) | |
| County, Illinois, in his individual and | ) | |
| official capacities, and, | ) | |
| Sangamon County, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (d/e's 6, 8).  For the reasons below, the court recommends the motions be granted in part and denied in part.

## STANDARD OF REVIEW

Plaintiff's allegations are accepted as true for purposes of ruling on Defendants' motion to dismiss, viewing all facts--as well as any inferences

reasonably drawn therefrom--in the light most favorable to Plaintiff.

Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004); Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990). "'A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002), *quoting* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). "'Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Id. at 515, *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## ALLEGATIONS

The allegations are taken from the Complaint and from Plaintiff's response to the motions to dismiss. *See* Gutierrez v. Peters, 111 F.3d 1364, 1367 n. 2 (7th Cir. 1997)(Allegations in other filings may be considered if consistent with the complaint).

Plaintiff received parking tickets from the City of Peoria, which she believed were paid. The City of Peoria believed otherwise, and Defendant Williams, as a Peoria City Attorney, filed a parking ticket complaint against Plaintiff on March 5, 2003. The complaint referenced an attached schedule

of parking violations (which is not in the record), and was verified by an employee of the Peoria City Finance Department.  The parking ticket complaint sought fines under Peoria City Code sections 28-82 ($50 default fine), 28-392 (snow route parking penalty) and 28-249 (handicapped parking penalty).[1]

Summons was issued on the parking ticket complaint, commanding Plaintiff to appear at the Peoria County Courthouse on April 24, 2003.  Personal service of the summons was attempted on Plaintiff at 932 W. Lake in Peoria, zip code 61601.  Service was returned unexecuted with a notation that Plaintiff had moved–"put in for change of address, nothing came back."  (Complaint, d/e 1, Ex. 3).

Plaintiff had in fact moved from Peoria to Springfield.  In the course of making that move, she filed a change of address form with the U.S. Post Office in Peoria, where she maintained a post office box.  She also notified the Division of Motor Vehicles ("DMV") of her new address and received a replacement driver's license listing her new address.  The DMV listed her

---

[1]Plaintiff asserts in her brief that there were three unpaid tickets, amounting to a $150.00 fine.  (d/e 18, p. 16).

Springfield address when the parking ticket complaint was filed on March 5, 2003.

Defendant Williams appeared in court on April 24, 2003, but Plaintiff did not because she had not received notice of the hearing.  The matter was continued to May 29, 2003, with an order that:  "City to do postal inquiry +mail copy to def with proof of mailing."  (Complaint, d/e 1, Ex. 4).

On Defendant William's direction, a request for Plaintiff's change of address was sent to the Postmaster, but the request listed the wrong zip code.[2]  The request also failed to list the Plaintiff's P.O. Box address, even though the schedule of parking violations attached to the parking ticket complaint listed the P.O. Box address.  The request for change of address was returned to the City marked "Not known at address given." (Complaint, d/e 1, Ex. 5).

Defendant Williams allegedly knew or was deliberately indifferent to the fact that no reasonable efforts had been made to notify Plaintiff of the court proceedings.  Plaintiff would have received notice if Defendant Williams had taken simple steps to correctly locate Plaintiff's current

_____

[2]The request asked for Plaintiff's change of address from 932 W. Lake Peoria, IL 616*14,* not 616*01.*

address by submitting an accurate request for change of address, or by consulting readily available DMV records.

Though Defendant Williams allegedly knew her efforts to notify Plaintiff were deficient, and knew that an arrest warrant could not lawfully issue for Plaintiff's parking violations, she nevertheless filed an Affidavit in Support of Issuance of Arrest Warrant (the "affidavit"), averring under oath that:

> SONNI WILLIAMS, being first duly sworn upon oath deposes and states that an ordinance of the City of Peoria has been violated, to wit: Section 28-298 (4CNTS) of the code of the City of Peoria and that he/she has reasonable grounds to believe that the Defendant, Laurie Rist, is guilty of violating said ordinance.

(Complaint, d/e 1, Ex. 7).

Plaintiff believes this affidavit is too conclusory, as a matter of law, to establish probable cause for her arrest. She also believes the affidavit is false because it implies that notice of the proceedings was given to Plaintiff, and that an arrest warrant could lawfully issue for violating Peoria City Code § 28-298. Based on these allegedly false implications or omissions, an order for issuance of an arrest warrant entered June 2, 2003. In executing the order, the circuit clerk obtained Plaintiff's Springfield address from the DMV, the same address that had been listed at the DMV

since the initiation of the state court proceedings.  Plaintiff never received written notice of the arrest warrant.

On January 19, 2004, a Springfield police officer stopped Plaintiff for a traffic violation.  The officer learned of the outstanding arrest warrant through a computer check.  The officer took Plaintiff into custody and delivered her to the Sangamon County Jail, where she was booked and released upon payment of a $100 bond to appear in Peoria County Court on February 5, 2004.  Officers at the Sangamon County Jail "performed a strip search of Plaintiff in full view of inmates in custody and then detained Plaintiff" for an unspecified amount of time until her friend posted the $100 bond.  (Complaint, d/e 1, ¶ 29).

Plaintiff alleges that the City of Peoria, acting through Williams, has an unconstitutional policy of obtaining arrest warrants to collect unpaid parking tickets: 1) without prior written notice of the enforcement proceedings to a defendant's address at the time service is sought; 2) without consulting readily available sources to determine that address (i.e., the DMV); and, 3) without taking other reasonable means to ensure the defendant receives written notice of the proceedings.  (Complaint, d/e 1, ¶ 24(A); d/e 18, p. 5).  Plaintiff also believes the City lacks legal

authority to seek an arrest warrant for unpaid parking tickets, because that offense is punishable only by fines.

## ANALYSIS

## I.  FOURTEENTH AMENDMENT

### A.  Deprivation of Liberty without Due Process

Plaintiff advances a claim based on procedural due process: she argues that the Fourteenth Amendment bars her arrest for unpaid parking tickets (or for failure to appear at the state court proceeding) without prior written notice.  She posits that the arrest (however temporary) deprived her of liberty without notice and an opportunity to appear in court to avoid the arrest.

The Court takes as true Plaintiff's allegations that she had no notice of the state court proceedings before the arrest.  The Court also takes as true, for purposes of this order only, that Defendants' efforts to provide her prior written notice of those proceedings were deficient.

Plaintiff's argument is premised on the assumption that she has a liberty interest protected by the Fourteenth Amendment in avoiding arrest for minor municipal violations punishable only by fine.  Yet the Supreme Court has made clear that arrests are constitutionally permissible for

violations of fine-only ordinances.  Atwater v. City of Lago Vista,

532 U.S. 318 (2001); Chortek v. City of Milwaukee, 356 F.3d 740, 745

(7th Cir. 2004)("Arrest for minor, non-jailable offense does not violate the

Fourth Amendment.")(ticket scalping in officer's presence)(*citing* Atwater);

Woods v. City of Chicago, 234 F.3d 979, 995-96 (7th Cir. 2001)(officer's

warrantless arrest for alleged misdemeanor assault did not violate Fourth

Amendment, even though it did not occur in officer's presence).  It is true

that, unlike Atwater, the arrest here wasn't made by an officer who

witnessed the transgression, but rather pursuant to an arrest warrant.

However, that distinction does not logically compel a different result.  Under

Atwater, arrests for minor, fine-only offenses are Constitutional and

governed by a probable cause analysis: "the standard of probable cause

'applie[s] to all arrests, without the need to "balance" the interests and

circumstances involved in particular situations.'" 532 U.S. at 354 (quotation

omitted).  Plaintiff's focus on the punishment for unpaid parking tickets is

therefore misplaced.  She has no liberty interest protected by the

Fourteenth Amendment in avoiding an arrest for fine-only offenses.

**B. Deprivation of Property Without Due Process**

Plaintiff also argues that "the City was Constitutionally required to give notice by means reasonably certain to inform Plaintiff of the pendency of the proceed to collect the unpaid parking ticket before adjudicating the debt . . ." (d/e 18, p. 9). It is not clear what she means by "adjudicating the debt." If the state court entered judgment against her *after* her arrest, she did not lack notice and an opportunity to contest the charges–the arrest was her notice. At this point, though, there is not enough information for the Court to address this claim, because it is not clear exactly what happened in those state court proceedings. The Court therefore believes it would be premature to rule out a claim that Plaintiff was deprived of her *property* without due process of law.

**II. FOURTH AMENDMENT**

The proper home for Plaintiff's liberty deprivation claim is the Fourth Amendment. Events leading up to an arrest are governed by the Fourth Amendment which is incorporated into the Fourteenth Amendment. Albright v. Oliver, 510 U.S. 266, 272 (1994)(arrestee's claim that he was incarcerated pursuant to arrest warrant that lacked probable was Fourth Amendment claim, not substantive due process claim); Olson v. Tyler,

771 F.2d 277, 282 (7th Cir. 1985)("When an individual is deprived of his liberty pursuant to a warrant that does not conform to the requirements of the fourth amendment, he is deprived of liberty without due process of law . . . . ..).  "By virtue of its incorporation into the fourteenth amendment, the fourth amendment, . . .defines "the 'process that is due'"–i.e., the "state must provide a fair and reliable determination of probable cause by a judicial officer . . . ." Olson, 771 F.2d at 282.

Defendant Williams' affidavit satisfied the Fourth Amendment if it established probable cause to believe an offense was committed, and the arrest was authorized by state and/or municipal law for the offense.  *See* Ricci v. Arlington Heights, Illinois, 116 F.3d 288, 290 (7th Cir. 1997); U.S. Const. amend. IV ("no Warrants shall issue, but upon probable cause, supported by oath or affirmation). [3]

### A.    Did the Affidavit Establish Probable Cause?

Plaintiff concedes that probable cause existed at the time the arrest warrant was sought that she violated "the ordinance."  (d/e 18, p. 20)

---

[3]Ricci's analysis is instructive here, though Plaintiff challenges the affiant's actions in procuring the arrest warrant, not an arresting officer's warrantless arrest.

("The City's parking records gave Williams reason to believe plaintiff had violated the ordinance.").

However, the Court frankly cannot tell exactly what violations for which the arrest warrant issued.   The affidavit and the parking ticket complaint do not match.  For example, the affidavit lists the only violation as Peoria City Code § 28-298 (overtime parking).  In contrast, the parking ticket complaint references completely different sections: § 28-82 ($50 penalty if not otherwise specified), § 28-392 (penalty applicable to parking in snow emergency route), and § 28-249 (penalty for parking in handicapped space).  The affidavit does not set forth when and where the alleged violations occurred, nor does it reference the complaint or any exhibits attached to the complaint.  Further, the affidavit says "4 CNTS," but the parties seem to agree there were only three unpaid tickets.  Also confusing is the sporadic assertion that the arrest warrant issued for Plaintiff's *failure to appear in court*, rather than for her unpaid parking tickets, even though the affidavit says nothing about Plaintiff's failure to appear. [4]  The order for the arrest warrant is not in the record, nor is there

---

[4]The Court does not need to opine on the Fourth Circuit's decision in Wilkes v. Young, 28 F.3d 1362 (4th Cir. 1994).  Wilkes went to the jury and was decided on a fully developed evidentiary record.  Here, the record is too undeveloped to compare and contrast this case with Wilkes.

any information about the court proceedings, if any, that resulted in that order.  Perhaps the state court relied on additional testimony or evidence to issue the warrant, which might obviate any constitutional concerns about the affidavit's brevity.

These mismatches and omissions may not amount to much in the end (particularly since it appears that Plaintiff concedes probable cause), but the current record is too thin and muddled to warrant that conclusion at this stage.  Accordingly, the Court cannot conclude at this stage that Plaintiff has no Fourth Amendment claim arising from the affidavit.

**B.    Was an Arrest for Unpaid Parking Tickets Authorized Under State and Municipal Law?**

Even assuming the affidavit established probable cause that Plaintiff violated § 28-298, the question remains whether an arrest warrant could issue under state and/or municipal law to prosecute that offense.  Plaintiff asserts that the arrest was not authorized under state law, and that Defendant Williams knew this when she filed her affidavit.

The Court believes that Defendants are correct that Illinois law allows an arrest warrant to issue for municipal violations, including those punishable only by fine.   65 ILCS 5/2-1-9 provides:

> Except as provided in Section 1-2-9.1 of this Act, in all actions for the violation of any municipal ordinance, the first process shall be a summons or a warrant. A warrant for the arrest of an accused person may issue upon the affidavit of any person that an ordinance has been violated, and that the person making the complaint has reasonable grounds to believe that the party charged is guilty thereof. Every person arrested upon a warrant, without unnecessary delay, shall be taken before the proper officer for trial.

65 ILCS 5/2-1-9.

Plaintiff argues that 65 ILCS 5/2-1-9 authorizes arrest only for municipal violations punishable by incarceration.  Yet the statute plainly says "in *all* actions for the violation of *any* municipal ordinance, the first process shall be a summons *or* a warrant."  (Emphasis supplied).  There is no restriction on limiting warrants to ordinance violations punishable by imprisonment.  Illinois law therefore allows an arrest to serve as process for charges of minor municipal code violations.  Ricci, 116 F.3d at 291 (parties agreed officers had statutory authority to arrest plaintiff for village ordinance violation); Dohm v. City of Rockford, 679 F.Supp. 740 (N.D. Ill. 1986)(arrest and criminal prosecution for unpaid parking tickets allowed under § 1-2-9, but no discussion of municipal law).

However, the Court cannot conclude at this stage that Plaintiff's arrest was authorized under *municipal law*–the Peoria City Code.  Under

Peoria City Code § 28-82, if settlement is not made, City counsel "shall

institute proceedings in a court of competent jurisdiction to prosecute the

violation of the ordinance set forth in the citation."  How those proceedings

are instituted appears to be set forth in Peoria City Code Section 1-7, which

directs personal service of a summons to appear in court:

> Upon default in payment of any fine, . . ., the defendant shall be
> summoned to appear before the circuit court of the county by
> personal service or registered mail, return receipt requested, to
> show cause, if any he has, why he should not be held in
> contempt of court for his willful failure or refusal to pay the fine .
> . . Personal service of a summons shall be made not less than
> three days before the date upon which the defendant must
> appear.

Section 1-7 says nothing about issuance an arrest warrant to serve as

process of the proceedings.  The summons itself states only that failure to

appear to answer the charge of delinquent parking tickets may result in a

default judgment.  (d/e 1, Ex. 2).  The parties do not address these issues.[5]

The Court therefore cannot conclude beyond doubt that Plaintiff's arrest

was authorized by municipal law.  That determination should be made on a

more fully developed factual record and legal briefing.  Accordingly, the

---

[5] Plaintiff argues that no arrest warrant can issue because municipal
violation proceedings are classified as civil.  However, the classification of
the proceedings as civil, criminal or quasi-criminal sheds no light on
whether an arrest warrant can issue for violation of a municipal code.

Court recommends that both motions to dismiss be denied as to Plaintiff's

Fourth Amendment claims.[6]

## III. IMMUNITY

Defendant Williams argues that she is protected by absolute

immunity because her sworn affidavit expresses only "the legal opinion that

there [were] reasonable grounds to believe that [Plaintiff] violated the

ordinance cited."  However, the Supreme Court's <u>Kalina</u> case is clear that a

prosecutor swearing to an affidavit for arrest acts as a witness, not as a

prosecutor.  <u>Kalina v. Fletcher</u>, 522 U.S. 118, 130 (1997)("Testifying about

facts is the function of a witness, not of the lawyer.  No matter how brief or

succinct it may be, the evidentiary component of an application for an

arrest warrant is a distinct and essential predicate for a finding of probable

cause.").   The affidavit served as more than legal advocacy; it provided (or

at least was supposed to provide) the factual basis for Plaintiff's arrest.

Defendant Williams is therefore not entitled to absolute immunity on the

present record.

---

[6]The City makes the same argument as Defendants Williams:  that an arrest warrant may issue to prosecute a violation of Section 28-298 as a matter of law.  As already discussed, that conclusion does not inevitably follow on the present record.

The Court also cannot conclude that Defendant Williams is entitled to qualified immunity on the present record.  Complaints are not generally dismissed on qualified immunity grounds under Rule 12(b)(6) because of the factual inquiry required.  Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001), *citing* Jacobs v. City of Chicago, 215 F.3d 758, n.3 (7th Cir. 2000)(notice pleading does not require factual allegations that anticipate and overcome qualified immunity defense).

Defendant argues that the only "false" statement in her affidavit is Plaintiff's address, which was immaterial to her conclusion that probable cause existed that Plaintiff violated § 28-298.  She argues that probable cause for the arrest had already been established through the parking ticket complaint, making her affidavit superfluous.  However, as discussed above, the parking ticket complaint and affidavit do not match; factual questions remain regarding the state court proceedings; and, legal questions remain regarding the City's power under municipal law to seek an arrest warrant.  The Court does not believe qualified immunity can be resolved without answers to those questions.

## IV. ABUSE OF PROCESS

In addition to her federal claims, Plaintiff sets forth a state claim for

"abuse of process" against Defendants Williams and the City of Peoria,

arising from the same allegations.

Federal notice pleading standards apply to this claim, even though it

is based on state law. *See* Beanstalk Group, Inc., v. AM Federal Corp.,

283 F.3d 856 (7th Cir. 2002). Defendants correctly define the tort of "abuse

of process" under Illinois law:

> Abuse of process is defined as the misuse of legal process to
> accomplish some purpose outside the scope of the process
> itself. Bonney v. King, 201 Ill. 47, 50-51, 66 N.E. 377 (1903).
> The only elements necessary to plead a cause of action for
> abuse of process are: (1) the existence of an ulterior purpose or
> motive and (2) some act in the use of legal process not proper
> in the regular prosecution of the proceedings. Holiday Magic,
> Inc. v. Scott, 4 Ill.App.3d 962, 966, 282 N.E.2d 452 (1972). In
> order to satisfy the first element, a plaintiff must plead facts that
> show that the defendant instituted proceedings against him for
> an improper purpose, such as extortion, intimidation, or
> embarrassment. In order to satisfy the second element, the
> plaintiff must show that the process was used to accomplish
> some result that is beyond the purview of the process.
> Neurosurgery, 339 Ill.App.3d at 183, 274 Ill.Dec. 152, 790
> N.E.2d 925. The elements are strictly construed, as the tort of
> abuse of process is not favored under Illinois law.
> Neurosurgery, 339 Ill.App.3d at 183, 274 Ill.Dec. 152, 790
> N.E.2d 925.

Kumar v. Bornstein, 354 Ill.App.3d 159, 165-66, 820 N.E.2d 1167, 1173

(Ill. App. 2d Dist. 2004).

Even under notice pleading standards, the court does not believe the allegations give rise to a reasonable inference the Defendants had an ulterior motive in seeking Plaintiff's arrest.  Their motive, as alleged by Plaintiff, was to collect unpaid parking tickets.   It is their method that Plaintiff challenges, not their motive.   Even if their method was unlawful, Defendants' purpose–to collect on unpaid parking tickets--was not ulterior. The arrest warrant sought to accomplish that purpose, not "some result that is beyond the purview of the process."  Neurosurgery and Spine Surgery, S.C. v. Goldman, 339 Ill. App. 3d 177, 183, 790 N.E.2d 925, 930 (Ill. App. 2d Dist. 2003).[7]  The Court accordingly recommends dismissal of this claim.

WHEREFORE, the Court RECOMMENDS that the motions to dismiss by Defendants Williams and the City of Peoria be granted in part and denied in part (d/e's 6, 8).  The Court recommends dismissal pursuant

---

[7]Plaintiff's 1937 appellate case does not support his abuse of process claim.  In Coplea v. Bybee, 290 Ill.App. 177, 8 N.E. 55, 59 (1937), the person who "abused the process" disregarded a court order directing return of property, and instead sold the property under an invalidated levy of execution.  The improper purpose in Coplea was the sale of property that the "abuser" did not own–an illegal result.  Here, the result sought by Defendants was payment of parking tickets–a legal result.  Horwitz v. Holabird & Root, 212 Ill.2d 1, 816 N.E.2d 272 (2004), deals with a client's liability for an attorney's actions and has no apparent relevance to this case.

to Fed. R. Civ. P. 12(b)(6) of: 1) Plaintiff's Fourteenth Amendment claim that she was arrested without notice for municipal ordinance violations carrying only fines as punishment; 2) Plaintiff's claim that Illinois statutory law does not authorize the issuance of an arrest warrant as process for municipal ordinance violation proceedings, where said violation is punishable only by fine; and, 3) Plaintiff's abuse of process claim based on Illinois law.  The Court recommends the motions to dismiss be denied in all other respects.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    June 14, 2005

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE