**E-FILED**

Monday, 26 September, 2005  12:25:38 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

LAURIE RIST,                                    )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )        Case No. 05-1013
                                                )
CITY OF PEORIA, Illinois, SONNI WILLIAMS,  )
in her individual and official capacities,      )
NEIL WILLIAMSON, Sheriff of Sangamon       )
County, Illinois, in his individual and         )
official capacities, and Sangamon County,       )
                                                )
            Defendants.                         )

## O R D E R

On June 14, 2005, a Report and Recommendation was filed by Magistrate Judge Byron G. Cudmore in the above-captioned case recommending that Defendants' Motions to Dismiss pursuant to Fed. Rule Civ.  P. 12(b)(6) be granted in part and denied in part.  Defendants City of Peoria and Sonni Williams and Plaintiff Laurie Rist each filed timely objections to the Report and Recommendation.  This Court has reviewed all of the objections to the Magistrate Judge's Report and Recommendation and finds that Plaintiff's abuse of process claim and denial of due process based on a deprivation of liberty claim are dismissed.  Plaintiff's Fourth Amendment claim and denial of due process based on deprivation of property claims shall proceed.

## STANDARD OF REVIEW

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which written objections have been made. *See* Fed. R. Civ. P. 72(b). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.*

## ANALYSIS

The relevant facts were sufficiently set forth in the comprehensive Report and Recommendation of the Magistrate Judge and need not be restated here. Suffice it to say, an arrest warrant was issued for Plaintiff's arrest and she was arrested for allegedly failing to pay three City of Peoria parking tickets. As a result, Plaintiff claims that Defendant City of Peoria and Defendant Williams violated her Fourth and Fourteenth Amendment rights as guaranteed by the United States Constitution. *See* U.S. Const. amend. IV, amend. XIV. Based on these allegations, the Magistrate Judge recommended that: (1) Plaintiff's deprivation of liberty without due process claim be dismissed, (2) Plaintiff's deprivation of property claim be allowed to proceed,  (3) Plaintiff's Fourth Amendment claim be allowed to proceed, and (4) Plaintiff's Illinois abuse of process claim be dismissed. Additionally, the Magistrate Judge recommended that Defendant Williams' claim for absolute immunity be denied and that a decision regarding qualified immunity be deferred until the record is more fully developed. Each of these findings will be addressed in turn.

**A.      Deprivation of Liberty Without Due Process**

Plaintiff argues that Defendants City of Peoria and Williams were constitutionally required to give Plaintiff notice of "the pendency of the proceeding to collect the unpaid parking ticket before . . . depriving Plaintiff of her liberty."  Pl.'s Resp. to Defs.' Motions to Dismiss, Mar. 15, 2005 at 9 (hereinafter "Pl.'s Resp.").   The Magistrate Judge read Plaintiff's argument as being "that she has a liberty interest protected by the Fourteenth Amendment in avoiding arrest for minor municipal violations punishable only by fine" and recommended that Defendants' Motion to Dismiss be granted.  Magistrate Judge's Report and Recommendation, June 14, 2005, at 7 (hereinafter "Magistrate's Report").  Plaintiff filed a timely objection to the Magistrate Judge's recommendation arguing first that the Magistrate Judge misunderstood Plaintiff's due process argument and second, that Defendants' actions were conduct that "shocks the conscience and violates the [sic] substantive due process."  Pl.'s Objections to Magistrate Judge's Report and Recommendation, June 28, 2005, at 3 (hereinafter "Pl.'s Objections").

Plaintiff argues that the Magistrate Judge erred when he found that Plaintiff's procedural due process argument was based on Plaintiff's assumption that "she has a liberty interest protected by the Fourteenth Amendment in avoiding arrest for minor municipal violations punishable only by fine." Mag.'s Report, at 7.  Plaintiff argues that Plaintiff's actual position is that "an action brought by an Illinois municipal corporation to recover a penalty under the substantive law of Illinois is a civil action to recover a debt" and therefore the "Fourteenth Amendment guaranty of due process requires that a defendant may not be deprived of her liberty without notice of the proceedings and that failure to appear at the proceedings will subject her to arrest or contempt of court."  Pl.'s Objections

3

at 2–3.  Although Plaintiff's objection attempts to clarify her position with regard to her due process claims, Plaintiff's objection merely adds to the confusion by failing to acknowledge the difference between procedural due process rights based on an individual's liberty interest and procedural due process rights based on an individual's property interest.  On the one hand, Plaintiff argues that the "city's claim of money for an unpaid parking ticket is plainly property protected by the constitutional guaranty of procedural due process." Pl.'s Resp., at 9.  On the other hand, Plaintiff also argues that she was deprived of her liberty interest without due process of law when she was arrested without notice.  Pl.'s Objections at 2–3.  Although referred to somewhat interchangeably by Plaintiff, these two claims present separate issues and the Court addresses them separately.

The Magistrate Judge correctly found that Plaintiff does not have a liberty interest in not being arrested for unpaid parking tickets and that the proper place for Plaintiff's challenge to her arrest falls within the Fourth Amendment.  The Supreme Court has held that the Constitution does not prohibit the police from arresting someone who has violated a municipal ordinance, provided the arrest is accompanied by probable cause.  *Atwater v. City of Lago Vista,* 532 U.S. 318 (2001) (finding that police officer's warrantless arrest of a driver for failing to wear her seatbelt, while humiliating to the driver, was no more harmful to the driver's privacy interests than a normal custodial arrest would be even though failing to wear a seatbelt is typically a "fine-only" offense).  Accordingly, the proper inquiry is whether Defendants had probable cause to arrest Plaintiff, and therefore the appropriate context for this inquiry is the Fourth Amendment.  *See Albright v. Oliver*, 510 U.S. 266, 274 (1994) (noting that the "Framers considered the matter of pretrial deprivations of liberty and drafted the Fourth Amendment to address it.").  Therefore, this Court agrees with the

4

Magistrate Judge's recommendation and dismisses Plaintiff's procedural due process claims that are based on her claim that she was deprived of her liberty.  Additionally, in light of the fact that Plaintiff does not have a liberty interest in not being arrested for allegedly failing to pay parking tickets, Plaintiff does not have a substantive due process claim and the Court dismisses this claim as well.

**B.      Deprivation of Property Without Due Process**

Although Plaintiff does not have a cognizable liberty interest in not being arrested, Plaintiff claims that the "City was Constitutionally required to give notice by means reasonably certain to inform Plaintiff of the pendency of the proceeding to collect the unpaid parking ticket before adjudicating the debt."  Pl.'s Resp., at 9.  Upon review of the pleadings, the Magistrate Judge found that it was not clear what Plaintiff was referring to when she said "adjudicating the debt."  *Id.*  The Magistrate Judge noted that "[i]f the state court entered judgment against her *after* her arrest, she did not lack notice and the opportunity to contest the charges—the arrest was her notice."  *Id.* (emphasis in original).  Accordingly, the Magistrate Judge found that it would premature to dismiss Plaintiff's claim on a Motion to Dismiss.

Defendant Williams objected to the Magistrate Judge's findings arguing that "the only debt of any kind addressed in the complaint is the fine that Rist paid for her parking tickets."  Def. Williams Objections to Magistrate Judge's Report and Recommendation, June 28, 2005, at 8 (hereinafter "Def. Williams' Objections).  While this court is inclined to agree with Defendant because the only debt referred to in the complaint is the amount due for Plaintiff's unpaid parking tickets, this Court also agrees with the Magistrate Judge that this

issue cannot properly be decided at this stage.  Specifically, the pleadings do not contain any reference to what occurred after Plaintiff was arrested, the result of the state court proceedings, and perhaps more importantly for Plaintiff's claim, when the state court proceedings took place.  Accordingly, this Court agrees with the Magistrate Judge and denies Defendants' Motions to Dismiss Plaintiff's due process claims based on her alleged deprivation of property without due process of law.

## C.      Fourth Amendment

As previously discussed, the Fourth Amendment is the proper place for Plaintiff's due process claims.  "By virtue of its incorporation into the fourteenth amendment, the fourth amendment . . . defines "the 'process that is due' for seizures of person[s] or property in criminal cases."  *Olson v. Tyler*, 771 F.2d 277, 282 (7th Cir. 1985).  Therefore, the appropriate inquiry in this case is whether Plaintiff's complaint contains sufficient allegations to find that her arrest was unreasonable.  An arrest is reasonable if (1) probable cause existed for the arrest, and (2) the applicable state and/or municipal law authorized custodial arrest for the particular offense.  *Ricci v. Arlington Heights*, 116 F. 3d 288, 290 (7th Cir. 1997).

### 1.      Probable Cause to Arrest

Plaintiff claims that probable cause did not exist for her arrest and that "Williams filed an Affidavit for Issuance of an Arrest Warrant signed under oath by Williams falsely stating an Arrest Warrant was available when Williams knew there was no probable cause for Plaintiff's arrest . . . the affidavit was in deprivation of plaintiff's right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment."  Pl.'s Complaint, Jan. 19, 2005, at 10.  Subsequently, Plaintiff conceded that Defendants had

6

probable cause to believe that she had not paid the outstanding parking tickets.  Pl.'s Resp., at 20 (listing the first factor in the *Ricci* analysis as "Did the officer have probable cause to believe the defendant had committed or was committing the offense" and answering  "Here the first factor is present.").

In his Report and Recommendation, the Magistrate Judge recognized Plaintiff's admission of probable cause but also noted the existence of a significant number of inconsistences between the affidavit supporting probable cause and the parking complaint. Additionally, the Magistrate Judge noted that the arrest warrant was not included in the record and the record did not include any information about the state court proceeding, such as whether the state court relied on any additional testimony to issue the warrant. After recognizing that the "current record is too thin and muddled to warrant" a conclusion of probable cause at this stage, the Magistrate Judge recommended that Plaintiff's Fourth Amendment probable cause claim be allowed to proceed.  *See* Mag.'s Report at 12; Def. Williams' Affidavit, May 30, 2003; Parking Ticket Complaint, Mar. 5, 2003.

In response, Defendant City of Peoria, Defendant Williams, and Plaintiff each objected to the Magistrate Judge's recommendation with respect to probable cause. Defendants argued that the Magistrate Judge erred because Plaintiff conceded the existence of probable cause in her complaint and this concession constitutes a judicial admission sufficient to establish probable cause. Def. Williams' Objections, at 4; Def. City of Peoria's Objections, June 28, 2005, at 2–3.    In contrast, Plaintiff objects to the Magistrate Judge's characterization of her admission of probable cause.  Pl.'s Objections, at 1.  Specifically, Plaintiff claims that Defendant Williams had probable cause to believe Plaintiff owed the City of Peoria for three unpaid parking tickets but argues that this

probable cause did not give Defendants probable cause to arrest Plaintiff.  *Id.* at 2.  Plaintiff proceeds to argue "[i]n order to subject someone for an arrest, there must be a violation of a criminal statute."  *Id.*  However, Plaintiff does not include any case law to support this assertion.

After taking the objections into account, this Court finds that Plaintiff's admission of probable cause negates Plaintiff's claim that Defendants acted without probable cause when they arrested Plaintiff.  *See Business Systems Engineering, Inc. v. International Business Machines Corp.,* No. 04-C-8254, 2005 WL 1766374, at *1 (N.D. Ill. July 20, 2005) (noting that a plaintiff who pleads facts that undermine the allegations in his complaint can plead himself out of court).  Here, Plaintiff admits the existence of probable cause.  While Plaintiff attempts to make a distinction between probable cause to believe that Plaintiff did not pay parking tickets and probable cause to arrest Plaintiff for not paying parking tickets, this Court does not find this distinction persuasive.  "Probable cause to arrest exists if an officer reasonably believes, in light  of the facts and circumstances within his knowledge at the time of the arrest, that the suspect has committed, or is committing, an offense."  *Thompson v. Wagner*, 319 F.3d 931, 934 (7th Cir. 2003).  In the case of *McNair v. Coffey*, the Seventh Circuit found that a police officer's arrest of two individuals  was proper because the officer had probable cause to believe that the individuals had not paid parking tickets.  279 F.3d 463, 465 (7th Cir. 2002).  Here, Plaintiff admits that Defendants had probable cause to believe that she had not paid parking tickets.  As in *McNair,* this alone is sufficient to justify Plaintiff's arrest.  Although the Court realizes that Plaintiff is attempting to make a nuanced distinction with respect to the definition of the term "offense" when she argues that failing to pay parking tickets is not an "offense" because it is not penal in

8

nature, the Court finds that this argument properly belongs in the analysis of whether state or municipal law authorized Plaintiff's arrest.  This Court finds that Plaintiff has conceded probable cause and therefore Defendants' arrest of Plaintiff was only unreasonable if the arrest was not authorized by state or local law.

### 2.    Does state and/or municipal law authorize a custodial arrest for unpaid parking tickets?

Even though probable cause existed for Plaintiff's arrest, the arrest may still have been unreasonable and therefore a violation of the Fourth Amendment if the arrest was not authorized by either state and/or municipal law. *Ricci*, 116 F.3d at 290.  Plaintiff claims that the arrest was not authorized by state law and Defendant Williams knew this when she filed her affidavit.  The Magistrate Judge found that Plaintiff's arrest was authorized by Illinois law.  However, the Magistrate Judge also determined that it was not clear whether the City of Peoria had enacted legislation that would contradict the state law, thereby prohibiting the City from issuing arrest warrants for this type of offense.  Mag.'s Report, at 12–15.  The Magistrate Judge, through his own research, identified Section 1-7 of the Peoria City Code and determined that Section 1-7 may actually restrict the City from issuing an arrest warrant got an individual who has failed to pay parking tickets rather than issuing an arrest warrant for that individual.  *Id.*  Section 1-7 of the Peoria City Code states:

> Sec. 1-7.  Default in payment of fine, etc.
> Upon default in payment of any fine, interest, court costs or installment thereof for more than 30 days, the defendant shall be summoned to appear before the circuit court of the county by personal service or registered mail, return receipt requested, to show cause, if any he has, why he should not be held in contempt of the court for his willful failure or refusal to pay the fine, interest and costs imposed.  Personal service of a summons shall be made not less than three days before the date upon which the defendant must appear before the court to show cause.

Peoria City Code, § 1-7.  Although the Magistrate Judge identified this Section of the Code and indicated that it might apply to the instant case, the Magistrate Judge also found that this issue could only be resolved on a more fully developed factual and legal record. Accordingly, the Magistrate Judge recommended that Plaintiff's Fourth Amendment claim be allowed to proceed.

In response to the Magistrate Judge's report, Plaintiff and both Defendants objected to the Magistrate's recommendation.  Defendants claim that the Magistrate Judge was correct in his determination that Illinois law authorizes the arrest of an individual who has not paid their parking tickets and argue that this alone is sufficient to dismiss Plaintiff's claim because the City of Peoria has not adopted an ordinance precluding an arrest for unpaid parking tickets.  Def. City of Peoria's Objection, at 3–4; Def. Williams' Objections, at 4.  Additionally, Defendant City of Peoria argues that the Magistrate Judge erred by making an assumption that a municipality must enact an ordinance in order to have a section of the Illinois Municipal Code apply.  Def. City of Peoria's Objections, at 4.  In contrast, Plaintiff objects to the Magistrate Judge's finding that the arrest was authorized under Illinois state law.  Plaintiff claims that Illinois state law only authorizes arrests for the violation of certain municipal ordinances but not parking violations because parking violations are governed by the Illinois Vehicle Code and not the Illinois Municipal Code. Pl.'s Objections, at 3–4.  Specifically, Plaintiff claims that the Illinois Vehicle Code, not the Illinois Municipal Code, authorizes municipalities to regulate the standing or parking of vehicles but that this power is limited by 625 ILCS 5/11-207 ("Provisions of this Chapter uniform throughout the State"), which requires uniform enforcement of traffic regulations throughout the state and prohibits municipalities from enacting ordinance that conflict with

10

the provisions of the Illinois Vehicle Code.  *Id.*

After reviewing all of the objections and performing its own independent research, this Court finds that Illinois law authorizes the arrest of individuals who do not pay multiple parking tickets.  The Illinois Vehicle Code gives local authorities the power to regulate "the standing or parking of vehicles."  625 ILCS 5/11-208.  Contrary to Plaintiff's assertion, Section 5/11-207, which prevents local municipalities from enacting or enforcing any regulation in conflict with the provisions in the Illinois Vehicle Code, does not prevent a municipality from enacting a parking ordinance even if those ordinances differ from those listed in the Illinois Vehicle Code.  *See* 625 ILCS 5/11-207; 5/11-208.  Plaintiff's argument fails to recognize that Section 207 actually states "no local authority shall enact or enforce any ordinance rule or regulation in conflict with the provisions of this Chapter *unless expressly authorized herein.*"  *Id.* (emphasis added).  The very next section of the Chapter expressly authorizes local authorities to enact rules and regulations regarding parking.  *See* 625 ILCS 5/11-208(a).   Section 208 states "[t]he provisions of this Code shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from . . . regulating the standing or parking of vehicles."  625 ILCS 5/11-208(a)(1).  Accordingly, because the Illinois Vehicle Code does not regulate parking but rather gives municipalities the power to enact local ordinances to regulate parking, the Illinois Municipal Code is the proper chapter of this Code for this Court to reference when determining whether Illinois state law authorizes the arrest of a person who has failed to pay multiple parking tickets. Specifically, Section 65 ILCS 5/1-2-9 of the Illinois Municipal Code provides:

> Except as provided in Section 1-2-9.1 of this Act, in all actions for the violation of any municipal ordinance, the first process shall be a summons or a warrant.  A warrant for the arrest of an accused person may issue upon the affidavit of any person that an ordinance has been violated, and that the person making the complaint has reasonable grounds to believe that the party charged is guilty thereof.  Every person arrested upon a warrant, without unnecessary delay, shall be taken before the proper officer for trial.

65 ILCS 5/1-2-9.  This Section clearly permits the City of Peoria to issue an arrest warrant for the arrest of a person who has violated a municipal ordinance.  Because this Court finds that the Illinois Municipal Code applies to the current fact scenario, rather than the Illinois Vehicle Code, this Court finds that Illinois state law authorized the arrest of Plaintiff upon probable cause that she violated a city ordinance when she allegedly failed to pay three outstanding parking tickets.

However, the inquiry does not end there because this Court must also determine whether the City of Peoria has enacted legislation that conflicts with the provisions of the Illinois Municipal Code and prevents a person from being arrested for failing to pay multiple parking tickets.  Defendants object to the Magistrate Judge's recommendation because the Magistrate Judge identified Section 1-7 of the Peoria City Code and concluded that this Section could perhaps limit the city to issuing a summons for an individual who has failed to pay parking tickets.  Ultimately, the Magistrate Judge found that the record did not adequately address the question of whether the City of Peoria has adopted a conflicting city ordinance and therefore recommended that this Court allow Plaintiff's Fourth Amendment claim to proceed.  This Court agrees with the Magistrate Judge's recommendation.  Although this Court has had the benefit of additional briefing by each of the parties on this issue because both Defendants and Plaintiff objected to the Magistrate Judge's recommendation, this Court finds that additional facts would assist the Court to determine

whether the City of Peoria has enacted legislation that would prevent the City from arresting someone who has failed to pay parking tickets.  Specifically, the record does not contain a copy of the arrest warrant which may possibly identify the section of the Code that the Judge relied on when he/she issued the arrest warrant for Plaintiff.  Although the Affidavit states that Plaintiff violated Section 28-298, it is not clear that the Judge relied on this section as the basis for issuing the arrest warrant.  Additionally, the record does not include any information about the basis for the issuance of the arrest warrant (e.g. was the arrest warrant prompted by non-appearance following a summons).  Because it is not clear from the record whether the arrest warrant was issued based on Section 1-7 of the City Code, on some other provision of the City Code, or on an Illinois statute, this Court finds that it would be premature to determine this issue at this time.  Accordingly, Defendant's motion to dismiss Plaintiff's Fourth Amendment claim is denied.  However, given the fact that it appears that this issue could be easily resolved if the court were provided with this additional information, the Court encourages Defendants to file an appropriate Motion for Partial Summary Judgment addressing this issue as soon as practical.

### D.    Immunity

Defendant Williams argues that she is entitled to absolute or qualified immunity based on her position as the City of Peoria's Corporation Counsel.  The Magistrate Judge disagreed with Defendant Williams' argument regarding absolute immunity because Defendant Williams was not acting in a prosecutorial capacity at the time that she filed the affidavit.  Rather, the Magistrate Judge found that the Defendant was acting as a witness to establish certain facts, facts that were then used to determine probable cause.  As the Supreme Court found in *Kalina v. Fletcher*, a prosecutor who signs an affidavit as a

13

complaining witness is not entitled to absolute immunity.  522 U.S. 118, 130 (1997).
Defendant Williams acted as a complaining witness when she signed the affidavit and
therefore is not entitled to absolute immunity.

As an alternative to absolute immunity, Defendant Williams argues that she is
entitled to qualified immunity.  Governmental officials performing discretionary functions
generally are shielded from liability for civil damages, provided the official's conduct does
not violate clearly established statutory or constitutional rights of which a reasonable person
would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The Magistrate Judge
could not conclude whether Defendant Williams is entitled to qualified immunity.
Specifically, the Magistrate Judge noted that "complaints are not generally dismissed on
qualified immunity grounds under Rule 12(b)(6) because of the factual inquiry required."
Mag.'s Report, at 16 (citing *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Defendant Williams is only entitled to qualified immunity if a reasonable prosecutor
could have believed, in light of the facts and circumstances known to her at the time, that
Plaintiff was committing or had committed an offense.  *Thompson v. Wagner,* 319 F.3d
931, 935.  Although this Court has determined, based on Plaintiff's admission, that
Defendant Williams had reason to believe Plaintiff committed the offense of not paying her
parking tickets at the time that Defendant signed the affidavit, whether Defendant Williams
is entitled to qualified immunity depends on whether it is clearly established that a failure
to pay parking tickets is an offense for which a person can be arrested.  Accordingly,
although Defendant Williams may ultimately be entitled to qualified immunity for her
conduct in this case, this Court agrees with the Magistrate Judge that this is a
determination that should only be made on a more fully developed factual record.

14

E.    **Abuse of Process**

Plaintiff's complaint alleges that Defendants Williams committed the tort of abuse of process when she filed the allegedly false affidavit in support of the arrest warrant and that the City of Peoria is liable under the theory of respondeat superior.  To plead a cause of action for abuse of process in Illinois, a Plaintiff must show (1) the existence of an ulterior purpose or motive, and (2) some act in the use of legal process not proper in the regular prosecution of the proceedings.  *Reed v. Doctor's Associates, Inc.,* 355 Ill. App. 3d 865, 875, 824 N.E.2d 1198, 1206 (2005).  The Magistrate Judge recommended that Plaintiff's abuse of process claim be dismissed because the Plaintiff did not allege that Defendants had an ulterior motive when they had Plaintiff arrested.  Plaintiff filed an objection to this recommendation arguing that the first prong of the abuse of process test is whether the person acted maliciously and that Defendants acted maliciously when they caused Plaintiff to be arrested for failing to pay parking tickets, an offense for which arrest is not authorized by Illinois law.  Pl.'s Objections, at 5.

This Court agrees with the Magistrate Judge's recommendation.  Plaintiff's Complaint simply does not allege any facts to show that Defendant Williams had any ulterior motive other than to collect on the unpaid parking tickets.  Although Defendant cites the 1937 case of *Coplea v. Bybee*, 8 N.E. 2d 55, for the proposition that malice is a requirement for an abuse of process claim, this Court finds that modern Illinois cases do not include malice as a requirement but rather focuses on whether the Defendant had an ulterior motive or purpose.  *See Reed,* 355 Ill. App. 3d at 875, 824 N.E.2d at 1206*, Kumar v. Bornstein*, 345 Ill. App. 3d 159, 164, 820 N.E.2d 1167, 1172 (2004); *Toth v. England*, 348 Ill. App. 3d 378, 385, 809 N.E.2d 702, 708 (2004); *Neurosurgery and Spine Surgery, S.C.*

15

*v. Goldman*, 339 Ill. App. 3d 177, 183, 790 N.E.2d 925, 929 (2003).  Moreover, even if malice was an essential element of an abuse of process claim, Plaintiff has failed to allege any facts to show that Defendant Williams acted maliciously when she sought Plaintiff's arrest for failing to pay parking tickets.  Therefore, because Plaintiff has failed to allege facts sufficient to show that Defendant Williams had some purpose, other than collecting the unpaid parking tickets, this Court grants Defendant's Motion to Dismiss on  Plaintiff's abuse of process claim.

## CONCLUSION

For the reasons set forth above, the Court adopts in part and rejects in part the Report and Recommendation of the Magistrate Judge [#32].  Accordingly, Defendant City of Peoria's Motion to Dismiss [#8] is granted in part and denied in part and Defendant Williams' Motion to Dismiss [#6] is granted in part and denied in part.  Therefore, Plaintiff's abuse of process and denial of due process based on deprivation of liberty are dismissed and her Fourth Amendment claim and denial of due process based on deprivation of property shall proceed to discovery.  This matter is referred to Magistrate Judge Cudmore for further proceedings.

ENTERED this 23rd day of September, 2005.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge

16