UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURIE RIST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-1013 |
| | ) |
| CITY OF PEORIA, Illinois, SONNI WILLIAMS, | ) |
| in her individual and official capacities, | ) |
| NEIL WILLIAMSON, Sheriff of Sangamon | ) |
| County, Illinois, in his individual and | ) |
| official capacities, and Sangamon County, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendant City of Peoria's Motion for Partial Summary Judgment, Defendant Sonni Williams' Motion for Partial Summary Judgment; Plaintiff's Motion for Leave to File an Amended Complaint; Defendant Williams' Motion to Strike, and Plaintiff's Motion to File a Reply to Defendants' Response to Plaintiff's Motion for Leave to File an Amended Complaint.  For the reasons set forth below, both Defendants' Motions for Partial Summary Judgment [#46, #52] are GRANTED; Plaintiff's Motion for Leave to File an Amended Complaint [#57] is GRANTED IN PART and DENIED IN PART; Defendant Williams' Motion to Strike [#59] is MOOT; and Plaintiff's Motion to file A Reply to Defendants' Response to Plaintiff's Motion for Leave to File an Amended Complaint [#64] is GRANTED.

**BACKGROUND**

Laurie Rist ("Rist") received three parking tickets from the City of Peoria. Although, she believed that the parking tickets were paid, the City believed otherwise. Defendant Williams acting as the City's Corporation Counsel filed a Parking Ticket Complaint alleging that Rist had received multiple parking tickets and requesting that Rist be fined accordingly.[1] The City issued a summons on the parking ticket complaint. The summons commanded Rist to appear at the Peoria County Courthouse on April 24, 2003. On April 5, 2003 and April 9, 2003, personal service of the summons was attempted on Plaintiff at 932 W. Lake in Peoria, zip code 61601. Service was returned unexecuted with a notation that Plaintiff had moved–"put in for change of address, nothing came back."

According to the Complaint filed in the instant case, prior to the date of the summons, Rist had moved from Peoria to Springfield. In the course of making that move, she filed a change of address form with the U.S. Post Office in Peoria, where she maintained a post office box. She also notified the Division of Motor Vehicles ("DMV") of her new address and received a replacement driver's license listing her new address. The DMV listed her address as being in Springfield at the time that the Parking Ticket Complaint was filed on March 5, 2003.

On April 24, 2003, Defendant Williams appeared in court but Plaintiff did not, presumably because she did not have notice that she was to appear. The matter was continued to May 29, 2003, with an order that: "City to do postal inquiry + mail copy to def with proof of mailing."

---

[1] Plaintiff asserts in her brief that there were three unpaid tickets, amounting to a $150.00 fine.

On Defendant Williams' direction, a request for Plaintiff's change of address was sent to the Postmaster, but the request listed the wrong zip code.[2] The request also failed to state Rist's P.O. Box address, even though the schedule of parking violations attached to the Parking Ticket Complaint listed the P.O. Box address as being Rist's proper address. The request for change of address was returned to the City marked "Not known at address given."

Rist did not appear at the May 29, 2003 hearing, again presumably because she never received notice of the hearing. On that day, Defendant Williams prepared and filed an Affidavit in Support of Issuance of Arrest Warrant asking the court to issue an arrest warrant for Rist. At the hearing, the Court entered an Interim Order finding that the Defendant [Rist] did not appear in court and that her whereabouts were unknown. The Court then ordered a warrant to be issued for her arrest and that bail be set at $100.00 cash. Additionally, the Court included a description of Rist to be used in the execution of the warrant. Finally, the document was stamped "Clerk to Recall Warrant if Paid in Full." The Interim Order was signed by the Judge. (Interim Order, May 30, 2003, at 1.)

On January 19, 2004, a City of Springfield Police Officer stopped Rist for a traffic violation. The computer check on Plaintiff's driver's license revealed the existence of the arrest warrant. The police officer took Rist into custody and delivered her to the Sangamon County Jail for booking and release upon payment of a $100 bond for Rist's appearance before the Circuit Court of Peoria County, Illinois on February 5, 2004. Various officers employed by the Sheriff of Sangamon County at the Sangamon County Jail performed a

---

[2] The request asked for Plaintiff's change of address from 932 W. Lake Peoria, IL 616*14*, not 616*01*.

strip search of Rist, allegedly in full view of male inmates. Rist was then detained until a friend came to the jail and posted the $100 bond.

As a result of the above incidents, Rist filed a Complaint in this Court on January 19, 2005. In her Complaint, Rist alleges that the Defendants (1) deprived her of a liberty interest without due process, (2) deprived her of a property interest without due process, (3) deprived her of her Fourth Amendment right to be free from unreasonable searches and seizures, and (5) abused the legal process by subjecting Rist to arrest for unpaid parking tickets. Rist's Complaint also sought damages from employees of Sangamon County Jail for battery resulting from the strip search of her person. Defendants Williams and the City of Peoria filed Motions to Dismiss. The Magistrate Judge issued a Report and Recommendation on the Motion to Dismiss, to which the City of Peoria, Williams, and Rist all filed objections. This Court considered the Magistrate's Report and Recommendations as well as all of the objections. The Court granted Defendants' Motion to Dismiss Rist's deprivation of liberty and abuse of process claims. However, the Court denied Defendants' Motion to Dismiss Rist's deprivation of property claim and her Fourth Amendment claim.

In addressing Rist's Fourth Amendment claim, this Court found that additional facts were necessary to determine if Rist's arrest was authorized by state and/or local law. The Court noted that this issue could likely be resolved if the court were provided with additional information and therefore encouraged Defendants to file an appropriate Motion for Partial Summary Judgment on this issue. Accordingly, Defendants filed the instant Motions for Partial Summary Judgment. Rist responded to the Motions and seeks leave to amend her Complaint. Defendants have filed a Motion to Strike certain portions of Plaintiff's Response

to Summary Judgment. As all of the issues are now fully briefed, this order follows.

## DISCUSSION

**A.     Motion for Partial Summary Judgment**

A motion for summary judgment will be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the nonmoving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Federal Rule of Civil Procedure 56(e) requires the nonmoving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex Corp.*, 106 S.Ct. at 2553. This Court must then determine whether there is a need for trial — whether, in other words, there are any genuine factual issues that can properly be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson*, 447 U.S. at 249; *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). Finally, "[w]here a party bears the burden of proof on an issue, he or she must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial." *Sarsha v.*

*Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993).

In addressing Defendants' Motion to Dismiss Rist's Fourth Amendment claim, this Court recognized that an arrest is reasonable if (1) probable cause existed for the arrest, and (2) the applicable state and/or municipal law authorized custodial arrest for the particular offense. *See Ricci v. Arlington Heights,* 116 F.3d 288, 290 (7th Cir. 1997). In this case, Rist admitted that Defendants had probable cause to believe that she had not paid her outstanding parking tickets when they arrested her. Therefore, the only open question is whether the arrest was authorized under state and/or municipal law.

### 1.     Rist's Arrest was Authorized by Illinois Law

In its Order on Defendants' Motions to Dismiss, this Court found that the Illinois Municipal Code and not the Illinois Vehicle Code applied to Rist's situation. Despite this ruling, Rist continues to argue that the Court erred in making this determination and that the Illinois Vehicle Code should apply.

Rist's argument is based on the existence of Section 5/16-101 of the Illinois Vehicle Code which states:

> Applicability. The provisions of this Chapter shall be applicable to the enforcement of this entire Code, except where another penalty is set forth in a specific Chapter which is applicable to that Chapter or a designated part or Section thereof.

625 ILCS 5/16-101. The Chapter goes on to include a provision regarding penalties which states:

> Penalties. Every person convicted of a violation of any provision of this Code for which another penalty is not provided shall, for a first or second conviction thereof, be guilty of a petty offense and for a third and subsequent conviction within one year after the first conviction, be guilty of a Class C misdemeanor.

625 ILCS 5/16-104.  Rist argues that the existence of these two provisions indicates that the Illinois Vehicle Code is the proper source of law for the Court to refer to when determining whether Rist's arrest was authorized by state law because Section 5/16-101 applies to the entire Code.  Furthermore, Rist argues that Section 5/16-104 indicates that a failure to pay parking tickets is a petty offense which means that it is a fine-only offense and therefore not punishable by arrest.  However, once again Rist fails to acknowledge that the Illinois legislature specifically exempted the regulation of parking from the Illinois Vehicle Code.  Section 5/11-208(a)(1) of the Illinois Vehicle Code states "[t]he provisions of this Code shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of their police power from . . . regulating the standing or parking of vehicles."  625 ILCS 5/11-208(a)(1).  Accordingly, Sections 5/16-101 and 5/16-104 do not apply to Rist's situation because the City of Peoria has enacted local ordinances regulating parking in Peoria.  Therefore, the question of whether Rist's arrest was authorized by Illinois law can only be answered by referring to the Illinois Municipal Code.

Section 1-2-9 of the Illinois Municipal Code authorizes the issuance of a warrant for the arrest of an individual when authorities believe that a city ordinance has been violated. 65 ILCS 5/1-2-9.  Section 5/1-2-9 states:

> Except as provided in Section 1-2-9.1 of this Act, in all actions for the violation of any municipal ordinance, the first process shall be a summons or a warrant.  A warrant for the arrest of an accused person may issue upon the affidavit of any person that an ordinance has been violated, and that the person making the complaint has reasonable grounds to believe that the party charged is guilty thereof.  Every person arrested upon a warrant, without unnecessary delay, shall be taken before the proper officer for trial.

65 ILCS 5/1-2-9.  Section 5/1-2-9.1 states:

> Service by certified mail.  In all actions for violation of any municipal ordinance where the fine would not be in excess of $750 and no jail term could be imposed, service of summons may be made by the city clerk by certified mail, return receipt requested, whether service is to be within or without the state.

65 ILCS 5/1-2-9.1.

When read together, these statutes make it clear that Rist's arrest was authorized by Illinois state law.  Although the existence of Section 1-2-9.1 gives the City the option to serve Rist through certified mail instead of issuing a warrant, Section 1-2-9.1 does not require the City to do so.  The statute merely says that "service of summons may be made by the city."  65 ILCS 1-2-9.1.  Accordingly, Rist's arrest was authorized by the Illinois Municipal Code.  However, Rist's arrest is only proper if the City of Peoria has not enacted legislation that requires the City to give a person notice prior to issuing an arrest warrant for failure to pay parking tickets.

**2.    Peoria has not enacted legislation that requires a person to be given notice prior to being arrested for allegedly failing to pay parking tickets.**

Peoria is a home rule municipality.  *Wes Ward Enterprises, Ltd. v. Andrews*, 42 Ill. App. 3d 458, 462 (3d Dist. 1976).  "[A] home rule unit may exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals, and welfare; to license, to tax, and to incur debt."  *Schillerstrom Homes, Inc. v. City of Naperville,* 198 Ill.2d 281, 287 (2001) (*quoting* Ill. Const. 1970, art. VII, § 6(a)).  Although the Illinois General Assembly can limit the exercise of home rule power, unless the legislature expressly preempts home rule power, a local ordinance may operate concurrently with a state statute.  *Schillerstrom,* 198 Ill.2d at 287.  In this situation, the Illinois General Assembly has not

expressly preempted municipalities from enacting legislation regarding how a person who has failed to pay parking tickets should be served and therefore, if the City of Peoria has enacted a law that requires a person to be notified by summons or service of process rather than by arrest when they fail to pay their parking tickets, Rist's arrest would be unlawful.

Rist argues that Peoria has enacted such legislation. Specifically, she argues that Chapter 28 of the Peoria City Code addresses traffic and motor vehicle violations such as parking violations and that Chapter 28, Division 3 contains the enforcement and settlement provisions for such violations. Rist further argues that nothing in Chapter 28 authorizes the City to make a custodial arrest for the failure to pay parking tickets. Rist contends that Chapter 28, Section 82 of the Code dictates that the penalty for violating any portion of Chapter 28 is the penalty as provided in Chapter 1, Section 5 of the Code. Chapter 28, Section 82 provides:

> Sec. 28-82. Enforcement of claim; penalty.
>
> (a)  Whenever settlement pursuant to this article is not made, the corporation counsel or any attorney authorized by him shall institute proceedings in a court of competent jurisdiction to prosecute the violation of the ordinance set forth in the citation.
>
> (b)  Unless otherwise provided for, the penalty for violation of any section set forth in this chapter shall be not less than $50.00 and not more than as provided in section 1-5 of this Code. Circuit clerk and service cost shall be paid by the defendant.

Peoria City Code Ch. 28, § 82. Chapter 1, Section 5 of the Code provides a fine of not less than $75 nor more than $500 for improper parking. Finally, Rist argues that the procedure for collection of non-payment of fines including parking tickets is set forth in Chapter 1, Section 7, which provides:

> Sec. 1-7. Default in payment of fine, etc.
>
> > Upon default in payment of any fine, interest, court costs or installment thereof for more than 30 days, the defendant shall be summoned to appear before the circuit court of the county by personal service or registered mail, return receipt requested, to show cause, if any he has, why he should not be held in contempt of the court for his willful failure or refusal to pay the fine, interest and costs imposed. Personal service of a summons shall be made not less than three days before the date upon which the defendant must appear before the court to show cause.

Peoria City Code, § 1-7. Accordingly, Rist argues that Section 1-7 required the City to summon Rist to appear in court either by summons or by registered mail, return receipt requested and therefore the City's use of a warrant and custodial arrest were improper.

A thorough review of the state court documents submitted with Defendants' Motion for Partial Summary Judgment indicate that Section1-7 does not apply in Rist's case. Rist has never defaulted on a payment of a fine. In fact, Rist has never been convicted of failing to pay parking tickets. Section 1-7 is a contempt procedure to be used when a person defaults on a fine for more than thirty days. Once a person has defaulted on a fine for more than thirty days, the City, pursuant to Section 1-7, can summon the individual to appear in court to show cause why they should not be held in contempt of court for failing to pay the fine. To do so, the City must give the individual notice, either by personal service or registered mail, return receipt requested.

In the instant situation, all that has occurred in her case is that a Parking Complaint has been filed against her. This Complaint merely asks that Rist be fined for allegedly failing to pay parking tickets. (*See* Parking Ticket Complaint, Case No. 03 CI 448, Mar. 3, 2003 ("[w]herefore, the plaintiff, City of Peoria, prays that the defendant be fined $50 per

parking ticket").) A review of the chronology of events is useful in showing why Section 1-7 does not apply in Rist's case.

On March 3, 2003, the Parking Ticket Complaint was entered. On March 11, 2203, a summons was issued commanding Rist to appear in state court on April 24, 2003. Service was attempted on April 5 and April 9; however, the address given to the process server was no longer Rist's proper address. On April 24, 2003, Rist did not appear in court. The court continued the hearing to May 30, 2003 and directed the "city to do postal inquiry + mail copy to def. for proof of mailing." The City conducted a postal inquiry; however, included the wrong zip code on the inquiry and therefore Rist was not located. On May 30, 2003, the court had another hearing and Rist did not appear. Defendant Williams signed an affidavit saying that she had "reasonable grounds to believe that the Defendant, Laurie Rist, is guilty of violating" a city ordinance. The Judge entered an Interim Order. In the Order, the Judge found that the Defendant [Rist} did not appear and noted that her whereabouts were unknown. The Judge then ordered a warrant for her arrest. At no time prior to her arrest did the Judge enter a a finding that Rist was guilty of failing to pay parking tickets.

The fact that Rist was never fined is even more apparent from the Final Order that the Judge issued after Rist was arrested and appeared in court. In that order, Rist pled guilty and the Judge convicted her of two parking violations. The Judge then sentenced Rist to pay a fine of $100 as well as court costs. This Final Order makes it evident that, at no time prior to her arrest, was Rist convicted of failing to pay parking tickets.

Accordingly, Section 1-7 does not apply because Rist was not fined for failing to pay her parking tickets until after she was arrested. Additionally, none of the sections of the

11

Peoria City Code prevent the City from relying on Section 1-2-9 of the Illinois Municipal Code as authority for issuing a warrant and arresting someone who has allegedly failed to pay her parking tickets. The City's use of a warrant to arrest Rist when she failed to pay her parking tickets was authorized by Illinois law and that Illinois law was not preempted by a Peoria City ordinance. Therefore, because Rist's arrest was supported by probable cause and was authorized by state and/or local law, Rist did not suffer a Fourth Amendment violation when she was arrested for failing to pay parking tickets.[3]

**B.     Motion for Leave to File an Amended Complaint**

In addition to Defendants' Motions for Partial Summary Judgment, before the Court is a motion from Rist seeking leave to file an amended complaint. Rist seeks to amend her Complaint to add the names of the previously unidentified Sangamon County Jail employees and to add a class action claim on behalf of those individuals who are similarly situated to Rist in that they were arrested for violating a city ordinance without first being given notice by summons or registered mail. Defendants argue that the Court should not grant Rist Leave to Amend her Complaint because (1) the motion for leave to amend was untimely, (2) the amendment would be futile, (3) Defendants would be prejudiced by allowing the Complaint to be amended, and (4) amending the Complaint is not necessary to protect the interests of the class as they could be brought in a separate action.

The Court will first address the issue of timeliness. Rist first filed her motion for

---

[3] In light of this ruling, any attempts by Rist to argue that the City was somehow negligent when it included Rist's incorrect address on the summons or the postal inquiry are moot. As stated herein, the City did not have a duty to provide Rist with notice prior to issuing a warrant for her arrest and therefore, the City could not have acted negligently in failing to list the proper address.

leave to file an amended complaint on January 17, 2006, the date that the Magistrate set as the deadline for the filing of amended pleadings. In her Motion, Rist stated:

> Plaintiff has filed separately her Amended Complaint with this motion. She filed the documents separately now as opposed to an exhibit to this motion to avoid scanning the document into a separate filing in the event the court approves the filing of the amended complaint. The record will reflect the court's ruling on the amended complaint.

(Pl.'s Motion For Leave to Approve Filing of Amended Complaint, Jan. 17, 2006, at 1.)

On January 20, 2006, the Court struck Plaintiff's Motion and the improperly filed amended complaint because they did not comply with the Court's administrative procedures for electronic filing. On the same day, Plaintiff re-filed the Motion with the Complaint attached as an exhibit per the Court's administrative procedures. However, in its Response to Plaintiff's Motion, Defendants argue that Plaintiff's Complaint should be deemed untimely because technically it was filed after the January 19th deadline for filing amended pleadings. Plaintiff then filed a Motion for Leave to file a Reply to Defendant's Response pursuant to Local Rule 7.1. In the interest of a complete record, the Court grants Plaintiff's Motion for Leave to file a Reply to Defendants' Response.

Plaintiff argues in her Reply that her Motion for Leave to Amend her Complaint was not untimely because it was originally filed on January 19th[4] when she filed the initial Motion for Leave to File an Amended Complaint and that she had filed the initial motion "consistent with the pre-electronic filing practice" of this Court. Interestingly, this is not the explanation that was given in her initial motion when Plaintiff's counsel stated that he filed

---

[4] Contrary to Plaintiff's assertions, the original Motion for Leave to Approve the Filing of the Amended Complaint was filed on January 17, 2006, and not January 19, 2006. As this makes no difference to the outcome of this Order, the Court notes this simply to clarify any confusion between the dates in this Order and the case docket sheet.

the documents separately "to avoid scanning the document into a separately filing in the event the court approves filing of the amended complaint." Moreover, Plaintiff's counsel indicates in his Reply to Defendant's Response that "Plaintiff has reviewed the Administrative Rules for Electronic Filing and finds nothing that addresses how an amended complaint tendered with a motion for leave to file should be submitted." The Court directs Plaintiff's counsel to Page twelve of the Court's Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases. The Section entitled "Leave of Court" states:

> 6. Leave of Court. If filing a document requires leave of the Court, such as an amended complaint or a reply brief, the filing party shall attach the proposed document as an exhibit to the motion according to the procedures in Section V. If the Court grants the motion, the order will direct the Clerk to file the attached document electronically.

(Civil Admin. Pro. § II.A.6.) Plaintiff's initial motion and amended complaint were not filed in compliance with the above procedure. However, because the motion did properly put Defendants on notice that Plaintiff sought leave to amend her Complaint to include the names of the jail employees and to include a class action claim, the Court declines to find that the Amended Complaint was untimely. *See Moore v. State of Indiana,* 999 F.2d 1125, 1131 (7th Cir. 1993) (noting that in addressing a motion for leave to file an amended complaint, courts may require the plaintiff to submit a copy of the amended complaint although the motion may be acceptable without a copy of the amended complaint if it puts the defendants on notice of the content of the amendment).

Even though the Court finds that the motion was timely, allowing Rist leave to amend her complaint to include a class action claim is not appropriate at this late stage of the litigation. Federal Rule of Civil Procedure 15 states that leave to amend "shall be freely

given when justice so requires. Fed. R. Civ. P. 15. However, under Rule 15, "a district court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." *Guise v. BWM Mortgage, LLC,* 377 F.3d 795, 801 (7th Cir. 2004). Here, this Court has previously dismissed the majority of Rist's claims in its Order on Defendants' Motion to Dismiss. Additionally, as stated in this Order, the Court grants Defendants' Motion for Partial Summary Judgment on Rist's Fourth Amendment claim. In light of this ruling, adding a class action claim based solely on the same alleged Fourth Amendment violations suffered by other individuals would be futile. Therefore, Plaintiff's motion for leave to file an amended complaint is granted in part and denied in part. The motion is denied to the extent that Rist seeks to add a class action claim[5] or to amend her complaint to include issues that have already been ruled on by this Court. To the extent that Rist seeks to amend her Complaint to include the names of the Sangamon County Jail employees that were previously undiscoverable, Rist has fourteen days from the date of this Order to do so.

**C.    Defendants' Motion to Strike**

As a result of Rist's Response to Defendants' Motion for Partial Summary Judgment, Defendant Williams filed a Motion to Strike certain aspects of Rist's Response. Specifically, Defendants argue that Additional Facts 8 through 19 should be stricken because they pertain to attempts by Rist's attorney to investigate parking and noise citations issued by

---

[5] It should be noted that nothing in this ruling on Rist's Motion for Leave to Amend would prevent other putative class members from bringing their own class claim against the City. If those individuals believe that the facts of their own situations are sufficiently different from those of the instant case and they suffered a deprivation of their rights as guaranteed by the Fourth Amendment, they may choose to bring their own case against Defendants.

the City to individuals other than Rist. Additionally, Defendants argue that Section IV.F of Plaintiff's Response should be stricken because it deals with Plaintiffs' desire to bring a class action claim which is irrelevant to the instant case.

In light of the Court's findings that Defendants are entitled to partial summary judgment because the City's use of a warrant to arrest Rist did not violate Rist's Fourth Amendment rights and that the addition of a class action claim would be futile, the Defendants' Motion to Strike is now moot.

## CONCLUSION

For the reasons set forth herein, Defendants' Motions for Partial Summary Judgment [#46, #52] are GRANTED; Plaintiff's Motion for Leave to File an Amended Complaint [#57] is GRANTED IN PART and DENIED IN PART; Defendant Williams' Motion to Strike [#59] is MOOT; and Plaintiff's Motion to File A Reply to Defendants' Response to Plaintiff's Motion for Leave to File an Amended Complaint [#64] is GRANTED. To the extent that Plaintiff wishes to amend her Complaint, Plaintiff has fourteen days from the date of this Order to file an amended complaint that complies with the requirements of this Order. The remainder of this case is referred to Magistrate Judge Cudmore for further proceedings.

ENTERED this 22nd day of February, 2006.

                                                    s/ Michael M. Mihm
                                                      Michael M. Mihm
                                                 United States District Judge