E-FILED
Friday, 24 March, 2006   03:16:02 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURIE RIST, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 05-1013 |
| CITY OF PEORIA, Illinois, SONNI WILLIAMS, in her individual and official capacities, NEIL WILLIAMSON, Sheriff of Sangamon County, Illinois, in his individual and official capacities, and Sangamon County, | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff Laurie Rist's ("Rist") Motion to Amend/Correct this Court's Order dated February 23, 2006. The underlying facts of this case were presented in this Court's Order dated February 23, 2006, as well as a Report and Recommendation filed by the Magistrate Judge on June 14, 2005, and therefore will not be repeated here.

To summarize, Plaintiff originally brought a multi-count complaint against Defendants alleging that Defendants (1) deprived her of a liberty interest without due process, (2) deprived her of a property interest without due process, (3) deprived her of her Fourth Amendment right to be free from unreasonable searches and seizures, and (4) abused the legal process by subjecting Rist to arrest for unpaid parking tickets.

The Defendants filed Motions to Dismiss. The Magistrate Judge issued a Report

and Recommendation on the Motion to Dismiss, to which the City of Peoria, Williams, and Rist all filed objections. This Court considered the Magistrate's Report and Recommendations as well as all of the objections. The Court granted Defendants' Motion to Dismiss Rist's deprivation of liberty and abuse of process claims. However, the Court denied Defendants' Motion to Dismiss Rist's deprivation of property claim and her Fourth Amendment claim.

In addressing Rist's Fourth Amendment claim, this Court found that additional facts were necessary to determine if Rist's arrest was authorized by state and/or local law. The Court noted that this issue could likely be resolved if the court were provided with additional information and therefore encouraged Defendants to file an appropriate Motion for Partial Summary Judgment on this issue. Accordingly, Defendants filed a Motion for Partial Summary Judgment. Rist responded to the Motions and sought leave to amend her Complaint to include additional defendants and class action allegations. This Court granted Defendants' Motion for Partial Summary Judgment finding that Plaintiff's Fourth Amendment rights were not violated because her arrest was supported by probable cause and was authorized by Illinois state law which was not contradicted by the Peoria City Code.

Additionally, in ruling on Plaintiff's Motion to Amend her Complaint, this Court held that allowing Plaintiff to amend her complaint to include a class action claim was not appropriate at such a late stage of the litigation. The Court noted, "a district court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." *Guise v. BWM Mortgage, LLC,* 377 F.3d 795, 801 (7th Cir. 2004). The Court then found that it would be futile to grant Plaintiff leave to amend her Complaint to include the

same claims by other individuals because Plaintiff's Fourth Amendment claim did not have merit. Accordingly, the Court ruled that Plaintiff's Motion to Amend her Complaint was granted in part and denied in part. The motion was denied to the extent that Plaintiff sought to add a class action claim or to amend her complaint to include issues that have already been ruled on by this Court. To the extent that Plaintiff sought to amend her Complaint to include the names of the previously unidentified defendants, the Court granted Plaintiff fourteen days to submit her amended complaint.

Plaintiff's instant motion asks this Court to amend its February 23, 2006 Order to allow Plaintiff leave to amend her Complaint to include class action allegations on Plaintiff's deprivation of property claim. The Court agrees with Plaintiff that the Order dated February 23, 2006, inadvertently failed to acknowledge Plaintiff's desire to bring a class action claim based on a deprivation of property. Therefore to the extent that the February 23, 2006, Order denied Plaintiff leave to amend her complaint to add class claims based on alleged Fourth Amendment violations, the Order stands as written and the Court construes Plaintiff's instant motion as a Motion for Leave to Amend her Complaint to add class claims based on alleged deprivation of property claims.

As background for addressing Plaintiff's instant motion, the Court notes that on the same day that Plaintiff filed the instant motion, Defendants filed a Motion for Summary Judgment on Plaintiff's deprivation of property claim. However, because Plaintiff's original Motion to Amend was filed prior to the Motion for Summary Judgment, the Court will review the Motion to Amend first.

According to Rule 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15. However, under Rule 15, "a district court may deny leave to

amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." *Guise v. BWM Mortgage, LLC,* 377 F.3d 795, 801 (7th Cir. 2004).  Unlike Plaintiff's Fourth Amendment claim, the Court has not addressed Plaintiff's deprivation of property claim on the merits and therefore it is not clear whether that claim is also without merit.  However, justice does not require the Court to allow Plaintiff leave to amend her Complaint at this late stage of the litigation because identical relief is being sought in another case pending in this district, *Thomas v. City of Peoria*, Case No. 06-1018.  The *Thomas* case, which requests class certification,  was filed by Plaintiff's attorney on January 30, 2006, ten days after the Motion to Amend in this case and prior to this Court's ruling on the motion.  A review of the Complaint filed in *Thomas* indicates that Plaintiff's counsel is attempting to bring two separate actions to get the same relief on behalf of the same class of putative plaintiffs.  Therefore,  adding class claims to this case would be duplicative of the relief already being sought in *Thomas*.  More importantly, allowing class allegations to be added to this case, in which summary judgment has already been partially granted and the remainder of the allegations are the subject of a pending motion for summary judgment would be unfairly prejudicial to the Defendants.  The *Thomas* case is the more appropriate case for the assertion of class claims as it is newly filed and has not already been the subject of any dispositive rulings.

Accordingly, for the reasons set forth above, Plaintiff's Motion to Amend/Correct [#66] is GRANTED to the extent that the Order dated February 23, 2006 is supplemented by the findings in this Order.  Therefore, Plaintiff's Motion to Amend to add class allegations is DENIED.  Finally, Plaintiff's Motion for Extension of Time to file an Amended Complaint to add the names of the Sangamon County Jailers [#68] is GRANTED.  Plaintiff's Amended

Complaint is now due fourteen days from the date of this Order.

    ENTERED this 24th day of March, 2006.

s/ Michael M. Mihm  
Michael M. Mihm  
United States District Judge
