## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| LAURIE RIST,                                  ) | |
|                                               ) | |
|     Plaintiff,            ) | |
|                                               ) | |
|     v.                    ) | Case No. 05-1013 |
|                                               ) | |
| CITY OF PEORIA, Illinois, SONNI WILLIAMS,     ) | |
| in her individual and official capacities,    ) | |
| NEIL WILLIAMSON, Sheriff of Sangamon          ) | |
| County, Illinois, in his individual and       ) | |
| official capacities, and Sangamon County,     ) | |
|                                               ) | |
|     Defendants.           ) | |

**ORDER**

Before the Court are Defendant City of Peoria's Motion for Summary Judgment and Request for Rule 54(b) Finding, Sonni Williams' Motion for Summary Judgment and Request for Rule 54(b) Finding, Plaintiff's Motion to Consolidate Cases, and Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment or Alternatively To Continue Hearing Until After a Determination of Class Certification and Discovery. Plaintiff's Motion to Continue Hearing Until After a Determination of Class Certification and Discovery [#73] was GRANTED IN PART and DENIED IN PART at an April 20, 2006 hearing. For the reasons that follow, the Motions for Summary Judgment and Rule 54(b) Findings [#69 and #70] are GRANTED and Plaintiffs Motion to Alter the March 24, 2006 Order and Consolidate Cases [#80] is DENIED.

## BACKGROUND

The facts of this case have been set out in numerous past opinions of this Court. Suffice it to say that Plaintiff Laurie Rist filed a Complaint against the City of Peoria and Sonni Williams (the "Defendants") after a warrant was issued and she was arrested for failing to pay parking tickets. Although she has additional claims against the individual jail employees at the Sangamon County Jail, the essence of her claims against the City of Peoria and Assistant Corporation Counsel Sonni Williams are that they (1) deprived her of a liberty interest without due process; (2) deprived her of a property interest without due process; (3) deprived her of her Fourth Amendment right to be free from unreasonable searches and seizures; and (4) abused the legal system by subjecting her to arrest for unpaid parking tickets. The City of Peoria and Sonni Williams filed Motions to Dismiss and the Magistrate Judge filed a Report and Recommendation on the Motions. The City of Peoria, Sonni Williams, and Rist all filed objections to the Report and Recommendations. After a thorough consideration of the Report and Recommendations as well as the various objections, this Court granted Defendants' Motion to Dismiss Rist's deprivation of liberty and abuse of process claims and denied the Motion with respect to Rist's deprivation of property and Fourth Amendment claims.

After limited discovery, Defendants filed Motions for Partial Summary Judgment on Rist's Fourth Amendment claim. Rist responded to the Motions and sought leave to amend her Complaint to include the names of the Sangamon County jailers (who had previously been unnamed) and to add class allegations against the Defendants.

The Court granted Defendants' Motions for Partial Summary Judgment on Rist's Fourth Amendment claims finding that Defendants lawfully sought and obtained a warrant for Rist's arrest despite the fact that she had not been given notice prior to being arrested for failing to pay

her parking tickets. First, the Court found that Rist admitted the existence of probable cause for her arrest. Second, despite Rist's assertions to the contrary, the Court found that the Illinois Municipal Code authorized Rist's arrest and the City of Peoria had not enacted legislation demanding a different result.

Additionally, the Court granted Rist's Motion to Amend her Complaint to the extent that Rist sought to add the names of the Sangamon County jailers but denied the Motion to Amend with respect to Rist's desire to add class allegations. The Court found that the addition of class claims was not appropriate at such a late stage in the litigation and found that it would be futile to allow Rist to amend her Complaint to include claims by other individuals because Rist's Fourth Amendment claim did not have merit.

Rist then asked the Court to amend its previous Order to allow Rist to include class allegations on Rist's deprivation of property claims. Recognizing that it had inadvertently neglected to address Rist's Motion to Amend to add class claims with respect to Rist's deprivation of property claim, the only remaining claim pending against the City of Peoria and Sonni Williams, the Court reviewed and denied Rist the opportunity to add class claims on her deprivation of property claims. Unlike the Fourth Amendment claim, the deprivation of property claim had not been ruled on as of the date of the Order; however, the Court found that justice did not require the Court to allow Rist leave to amend her complaint because identical relief was being sought in another case pending in this district. Specifically, Rist's attorney had filed another case requesting class certification, *see Thomas v. City of Peoria,* Case No. 06-1018, ten days after Rist filed her motion to amend to add class claims and prior to this Court's ruling on the motion. A review of the Complaint in *Thomas* indicated that Rist's counsel was attempting to bring two separate actions in order to get the same relief on behalf of the same class of

putative plaintiffs.  Accordingly, the Court found that adding class claims to this case would be duplicative of the relief being sought in *Thomas*.  Additionally, the Court noted that adding class allegations to this case, at a time when some claims had already been dismissed, summary judgment had partially been entered, and the remainder of the allegations against the City of Peoria and Sonni Williams were the subject of pending Motions for Summary Judgment, would be unfairly prejudicial to the Defendants.  Finally, the Court found that the *Thomas* case was the more appropriate case for the assertion of class claims as it was recently filed and had not yet been the subject of any dispositive rulings.

As mentioned, the Defendants filed the instant Motions for Summary Judgment and Requests for Rule 54(b) Findings on March 9, 2006, and March 15, 2006, respectively.  Defendants seek summary judgment on Rist's deprivation of property claim.  In response to these Motions, Rist filed a "Motion to Deny Defendants' Motion for Summary Judgment or Alternatively, To Continue Hearing Until After a Determination of Class Certification and Discovery."  (See Docket Entry #73.)  Specifically, Rist sought additional time to complete discovery on the deprivation of property claim.  Rist also filed a "Motion to Alter March 24, 2006 Order and to Consolidate Action with C.D. Ill. No. 06-1018," *see* Docket Entry #80, arguing that the Court should alter its March 24, 2006, Order denying Plaintiff leave to amend her complaint to add class claims and to allow this case to be consolidated with the *Thomas* case.  The Court held a hearing on both of Rist's Motions on April 20, 2006.  At the hearing, the Court granted Rist additional time to conduct discovery, allowing Rist the opportunity to provide her own affidavit, an explanation of court costs, and related arguments in her attempt to respond to Defendants' Motions for Summary Judgment.  Rist then supplemented her previously filed

response to summary judgment and Defendants supplemented their reply. As all of the outstanding issues have now been fully briefed, this Order follows.

## DISCUSSION

**A.    Motion to Deny Defendants' Motion for Summary Judgment or Alternatively, To Continue Hearing Until After a Determination of Class Certification and Discovery**

Rist filed the instant motion arguing that the Court should delay ruling on Defendants Motions for Summary Judgment and allow Plaintiff to conduct additional discovery regarding what the state court order meant when it imposed $83.00 in court costs and fines. Specifically, Rist argued that she should be allowed to conduct depositions of Sangamon County officials regarding the costs that Sangamon County incurs as a result of arresting people for failing to pay parking tickets and that this information is necessary so that the court can engage in an analysis of the costs and benefits associated with having police officers arrest individuals for failing to pay parking tickets. *See Matthews v. Eldridge,* 424 U.S. 319 (1976). The Court found that it was not necessary to conduct the *Matthews v. Eldridge* balancing test because the balancing test is used to determine what amount of process is due to an individual before their property benefits are terminated. Here, Rist was given full judicial process prior to paying the $83.00 in court costs and fines. She appeared in court in front of a judge and was accompanied by counsel. Despite Rist's assertions to the contrary, her deprivation of property claim is not about whether the City should have given her notice prior to arresting her. This Court has already determined that her arrest was lawful. Rist was given full due process and therefore the Court found that Rist was not entitled to conduct extensive additional discovery. The only discovery that the Court found was justified at this stage of the litigation was discovery on the question of what the $83.00 in court costs consisted of and the submission of an affidavit by Rist herself. Accordingly, the Court granted Rist additional time to conduct limited discovery, allowing Rist

5

the opportunity to provide her own affidavit, an explanation of court costs, and related arguments. The Court granted Rist additional rime to submit this information as a supplemental response to Defendants' Motions for Summary Judgment.[1] Rist subsequently supplemented her response to summary judgment and Defendants supplemented their reply. As the Motions for Summary Judgment are now fully briefed, the Court will address them in this Order.

**B.    Motion to Alter March 24, 2006 Order and to Consolidate Action with C.D. Ill. No. 06-1018.**

Rist filed the instant motion arguing that this Court should amend its March 24, 2006 Order, which denied Rist's Motion to Amend her Complaint to include class claims. Rist argues that the Court should consolidate her case with the case of *Thomas v. City of Peoria*, No. 06-1018 (C.D.Ill. Jan. 30, 2006) and alter its previous order allowing the Court to determine if either the *Rist* case or the *Thomas* case are the appropriate cases for class certification. Recognizing that Rule 42 allows the Court to consolidate separate actions "involving a common question of law or fact," the Court does not find that consolidation is appropriate in this instance. Specifically, the issues in *Rist* and *Thomas* are not similar enough to warrant consolidation especially in light of the fact that Rist's Fourth Amendment claim has already been found to be without merit.

The allegations in *Thomas* are that Thomas was arrested without being given notice of his parking ticket violations. Additionally, unlike Rist, the individual arrested in *Thomas* was not the person who failed to pay the parking tickets. The plaintiff in the *Thomas* case is Joseph Thomas and not Joshua Thomas. The Defendants had reason to believe that Joshua Thomas had

---

[1]  Despite the fact that the Court granted Rist time for additional discovery at the hearing on April 20, 2006, the docket in this case does not indicate that Rist's Motion to Deny Defendants' Motion for Summary Judgment or Alternatively to Continue Hearing Until After a Determination of Class Certification and Discovery was ever ruled upon. Therefore, to clarify the docket, the motion [#73] was granted in part and denied in part. Specifically, the Court granted Rist the opportunity to conduct limited additional discovery and denied the motion to the extent that the motion requested the Court to deny Defendants' Motion for Summary Judgment.

6

not paid his parking tickets and yet Joseph Thomas was arrested. Accordingly, facts of *Rist* and *Thomas* are not similar enough to warrant consolidation. Moreover, Rist's attempt to consolidate this case with the *Thomas* case to prevent the claims of numerous putative class members' claims from being barred by the statute of limitations is not appropriate at this stage of the litigation. Many of Rist's claims have already been dismissed and the main claim that potentially ties the putative class members together, the Fourth Amendment claim, has already been denied. Accordingly, the Court does not find that consolidation is appropriate in this case and Rist's motion is denied.

**C.      Motion for Summary Judgment**

Defendants City of Peoria and Sonni Williams have filed Motions for Summary Judgment arguing that they are entitled to summary judgment on Rist's deprivation of property claim. For reference, Rist's deprivation of property claim is the only remaining claim against these two Defendants. All of the other claims against these Defendants have been ruled on and are no longer at issue in this case.

In its Order on Defendants' Motions to Dismiss dated September 26, 2005, this Court found that the record did not contain sufficient information to determine whether Rist's claims constituted an actual deprivation of property. Specifically, Rist's deprivation of property claim in her complaint was that the "City was Constitutionally required to give notice by means reasonably certain to inform Plaintiff of the pendency of the proceeding to collect the unpaid parking ticket before adjudicating the debt." As a result of this wording, the Court denied the motion to dismiss finding that is as not clear what Rist was referring to when she used the phrase "adjudicating the debt." Defendants now argue that the record contains sufficient evidence to show that the only property that Rist was deprived of as a result of her arrest for unpaid parking

7

tickets was the bond, the fines, and the court costs associated with arrest and failure to pay parking tickets and that Rist was given sufficient due process prior to paying these costs.

As an initial matter, the Court recognizes that Rist has submitted numerous additional facts in her Supplemental Response to Defendants' Motion for Summary Judgment and that Rist argues that these facts were not included in Defendants initial motion and therefore Defendants have not met their burden of proving that they are entitled to summary judgment. The Court disagrees. The Defendants submitted facts to show that the "debt" referred to in Rist's complaint consists solely of the bond, fines, and court costs associated with her failure to pay parking tickets. Additionally, Plaintiff's counsel conceded at the hearing on April 20, 2006, that this was the only property that Rist was deprived of because of her arrest for failing to pay parking tickets.

Moreover, Rist argues that she was denied her Rule 56 right to be heard when she was given the opportunity to supplement her initial response to Defendant's Motion for Summary Judgment. Rist argues that the additional facts that she has included in her Supplemental Response were required to be in Defendants' Summary Judgment Motions and therefore she cannot respond to these facts because she is the one who submitted them. With all due respect to Plaintiff's counsel, this argument simply does not make sense. As with any other motion for summary judgment, Defendants submitted facts in their Motion for Summary Judgment and Plaintiff has responded with additional facts in her response. The only difference between this case and the normal procedure on a motion for summary judgment is that Rist was given an additional opportunity to supplement her response to Defendants' motion in an attempt to show that a genuine issue of material fact exists in this case. Once Rist submitted her supplemental

response, Defendants were given the opportunity to submit a supplemental reply. At no point did the burden of proof shift in this case and Rist's arguments to the contrary are without merit.

Rist also argues that Defendants' Motions for Summary Judgment should be denied because the "Defendants' motions for summary judgment are premised entirely on the legal contention that plaintiff's claims of lack of procedural due process for the adjudication of the City's claim of debt involves the $100 penalty and court costs." Rist argues that this is insufficient because the contents of the arrest warrant and the particulars of the City parking complaint are not mentioned and therefore Rist cannot respond to the claim of adequate notice when the evidence of that notice is not included in the motion. The Court fails to understand how Rist can argue that the parking ticket complaint and the arrest warrant are not in the record before the Court. Defendants refer to these items in paragraph number four of the Statement of Undisputed Facts section of the Motion for Summary Judgment on the deprivation of property claim and included copies of these items in their previously filed Motion for Partial Summary Judgment on Rist's Fourth Amendment claim. Additionally, Rist included a copy of the parking ticket complaint with her complaint initiating this cause of action. Accordingly, the Court finds that to the extent that these items are necessary to review Defendants' instant Motion for Summary Judgment, these two items are properly in the record before the Court.

Finally, Rist argues that the Defendants' Motion for Summary Judgment does not address the systematic use of arrests to collect unpaid parking tickets and that this is an essential element of Plaintiff's case. However, the Court has previously ruled that the use of arrests to collect unpaid parking tickets is authorized by state law and that the Illinois state law has not been preempted by the Peoria City Code. The Court found that Rist's arrest was valid and therefore this issue is no longer before the Court.

Defendants argue that they are entitled to summary judgment on Rist's deprivation of property claim because Rist was given sufficient due process prior to being charged $183 in bond, fines, and court costs. Defendants point to the fact that Rist could not have been denied due process because she was given the maximum possible due process. In response, Rist alleges that she was deprived of her property without due process and that she was required to be given "pre-deprivation notice and an opportunity to be heard."

Rist essentially makes two separate arguments. First, she claims that she was denied due process when she was required to post a bond prior to being given notice and an opportunity to be heard. Second, she claims that she was denied due process when she was required to pay court costs and fines associated with her parking ticket violations.

Defendants argue that Rist's claim that she was denied due process when she was forced to pay the $100.00 bond is without merit because Rist lacks standing to bring this claim. Specifically, Rist states in her Supplemental Response that her friend Ed Scott was the one who posted the bond. Therefore, the only person who could assert a claim for deprivation of property without due process is Ed Scott and not Rist. Accordingly, Defendants are entitled to summary judgment on Rist's claim that Defendants deprived her of property without due process.

Secondly, Rist's argument that she was deprived of her property without due process when she was required to pay the court costs and fines related to her failure to pay parking tickets is without merit. Rist was afforded the maximum due process possible. She had pre-deprivation notice, she appeared in court with counsel, and before a neutral judge. At the hearing, she had the opportunity to request to see the parking ticket complaint or the arrest warrant. Accordingly, Rist had the maximum level of due process that was possible before being assessed court costs and fines. Moreover, Rist pled guilty to two counts of the parking ticket

10

complaint thereby agreeing to the court costs and fines. She cannot now claim that the Defendants somehow deprived her of this property when she was the one who acquiesced in the payment. Additionally, even though Rist argues that the parking ticket complaint and the warrant did not contain sufficient information to put her on notice of the claims against her, Rist fails to recognize that the Court already found that her arrest was valid. As a result, her arrest was her notice. Even if as Rist contends, these documents did not contain sufficient information, Rist had the opportunity to question the sufficiency of the documents at her hearing. Rist could have had asked to see these documents and could have challenged the sufficiency of these documents at the arraignment if she had opted to proceed to arraignment rather than posting a bond and appearing before the court of her own volition a few weeks later. Despite Rist's numerous creative arguments to the contrary, there is no genuine issue of material fact in this case. The only issue is whether the Defendants deprived Rist of her property without providing her with due process. The Court finds that they did not. Rist was arrested on a valid warrant. She opted to put up a bond rather than proceed in front of a judge to contest the sufficiency of the documents issued for her arrest. Prior to paying the court fees or fines associated with the parking violations, Rist appeared with counsel, in front of the judge, and had a full opportunity to question the sufficiency of the arrest warrant. Accordingly, Rist did not suffer a denial of due process.

Finally, Rist makes a variety of additional arguments in her Response to Summary Judgment and her Supplemental Response. Many of these argument revolve around the constitutionality of Section 1-2-9 of the Illinois Municipal Code. This Court previously held that Section 1-2-9 authorized the arrest of Rist for failing to pay parking tickets. Rist argues that the statute is unconstitutional because Section 1-2-9 grants city attorneys unbridled authority to

effect arrests for unpaid parking violations. However, on the facts of this case, it is clear that Section 1-2-9 does not give the City Attorney unbridled discretion to effect arrests for ordinance violations. In the instant case, a neutral judge, and not the City Attorney, issued the warrant for Rist's arrest. Even though Sonni Williams completed the affidavit supporting the parking ticket complaint against Rist, Williams, as the City Attorney, was not the one who signed the arrest warrant. Therefore, any discretion that Williams or the City had in deciding whether or not to arrest Rist was certainly kept in check by that the warrant process. The warrant was issued pursuant to a judge's signature. Accordingly, the Court finds that Section 1-2-9 is not unconstitutional as applied in this case.

Rist also argues that the Court should not grant Defendants' Motions for Summary Judgment because the arrest of Rist pursuant to Section 1-2-9 is a deprivation of liberty without due process of law. Rist seems to argue that this Court's previous decision dismissing Rist's deprivation of liberty claim is not controlling because the Court did not rely on Section 1-2-9 for its decision. The Court disagrees. In its Order dated September 26, 2005, the Court dismissed Rist's deprivation of liberty claim because the Court found that a deprivation of liberty claim arising out of an arrest arose in the context of the Fourth Amendment and not the Fourteenth Amendment. Simply because the Court later found that Section 1-2-9 was the specific Illinois statute authorizing the arrest does not change that result. Any claim that Rist has that she was deprived of her liberty when she was arrested for failing to pay parking tickets is a Fourth Amendment claim. As the Court has already found that Rist's arrest was not a violation of her Fourth Amendment rights, Rist's argument that Section 1-2-9 deprived her of her liberty without due process is meritless.

Morevoer, Rist's argument that the City of Peoria does not have a legitimate governmental interest in arresting individuals like Rist who fail to pay parking tickets is not persuasive. Rist argues that the police officers of Sangamon County who arrested Rist should have been helping a small child who was wandering in the cold. However, Rist fails to acknowledge that Sangamon County has numerous police officers and other county officials who could have assisted with the small child. If Rist truly feels that there is no legitimate governmental interest in using arrest warrants to collect on unpaid parking violations, Rist should appeal to the Peoria City Council to adopt legislation further regulating the process the city uses in cases such as this.

Finally, even if this Court's prior decision that Rist's arrest did not violate her Fourth Amendment right to be free from unreasonable seizures and its current decision that Rist's payment of the bond, court costs, and fines did not constitute a deprivation of property without due process were incorrect, the Court finds that Defendants are entitled to qualified immunity. Defendants originally raised this issue in their Motion to Dismiss. At the time, the Court found that the record was not fully developed enough to determine if Rist's constitutional right to be free from unreasonable seizures was violated. However, the record before the Court is now clear that even if, assuming *arguendo,* that Defendants violated Rist's constitutional right when they arrested her without notice for failing to pay parking tickets, it was not clearly established that a arresting someone without notice for failing to pay parking tickets was a violation of an individual's constitutional right. Accordingly, even if Rist's constitutional rights were violated, Defendants are entitled to qualified immunity for their actions.

**D.     Motion for Rule 54(b) Finding**

The final pending motion in this case is Defendants' Motion for a Rule 54(b) finding. Rule 54(b) states:

> **Judgment Upon Multiple Claims or Involving Multiple Parties.** When more than one claim of relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision; however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b). In light of the fact that the Court grants Defendants' Motions for Summary Judgment and therefore all of the pending claims against the City of Peoria and Sonni Williams have been decided, the Court finds that there is no just reason for delay in entering judgment in favor of these two defendants. Accordingly, the Court directs the Clerk to enter a Rule 54(b) judgment in favor of Defendants City of Peoria and Sonni Williams and against Plaintiff.

## CONCLUSION

As described above, Plaintiff's Motion to Deny Defendants' Motion for Summary Judgment or Alternatively, To Continue Hearing Until After a Determination of Class Certification and Discovery [#73] was GRANTED IN PART and DENIED IN PART at an April 20. 2006 hearing. Additionally, for the reasons set forth above, Plaintiff's Motion to Alter the March 24, 2006 Order and Consolidate Cases [#80] is DENIED and Defendants Sonni Williams and the City of Peoria's Motions for Summary Judgment and Requests for Rule 54(b) Findings

[#69, #70] are GRANTED. The Clerk is directed to enter judgment in favor of these two defendants. The remaining issues are referred to Magistrate Judge Cudmore for further action.

ENTERED this 19th day of June, 2006.

s/Michael M. Mihm<br>
Micahel M. Mihm<br>
United States District Judge