# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | | |
|---|---|---|
| LAURIE RIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 05-1013 |
| | ) | |
| | ) | |
| CITY OF PEORIA, Illinois, SONNI WILLIAMS, | ) | |
| Assistant Corporation Counsel of the City of Peoria, | ) | |
| in her individual and official capacities, | ) | |
| ELSABEATH ACKMAN, Jail Officer of | ) | |
| Sangamon County, Illinois, in her individual and | ) | |
| official capacities, DAXTON WALLACE, Jail | ) | |
| Officer of Sangamon County, Illinois in his | ) | |
| individual and official capacities, AMY SOMMER, | ) | |
| Jail Officer of Sangamon County, Illinois, in her | ) | |
| individual and official capacities, ALLISON | ) | |
| ESPER, Jail Officer of Sangamon County, Illinois, | ) | |
| in her individual and official capacities, NEIL | ) | |
| WILLIAMSON, Sheriff of Sangamon | ) | |
| County, Illinois, in his individual and | ) | |
| official capacities, and SANGAMON COUNTY, | ) | |
| Illinois, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Vacate Judgment. Plaintiff asks this Court to (1) alter its June 20, 2006 Judgment dismissing the claims against Defendants Elizabeth Ackman and Dalton Wallace; (2) vacate its June 19, 2006, order granting Rule 54(b) certification and the June 20, 2006, judgment in favor of Defendants Sonni Williams and the City of Peoria; and (3) allow additional exhibits to be added to the record in this case. Defendants City of Peoria and Sonni Williams filed a response to Plaintiff's Motion and Plaintiff, with leave of the Court, filed a Reply. As these issues have now been fully briefed, this Order follows.

Plaintiff asks this Court to vacate its June 20, 2006, Judgment dismissing the claims against Defendants Elizabeth Ackman and Dalton Wallace because Plaintiff believes that the Court improperly granted judgment in favor of these Defendants upon the filing of the Second Amended Complaint. Despite Plaintiff's assertion to the contrary, the Court did not improperly grant judgment in favor of Elizabeth Ackman and Dalton Wallace. In fact, the Court did not grant judgment at all with respect to these individuals. The Clerk's Office, based on the filing of the Second Amended Complaint, recognized that Elizabeth Ackman and Dalton Wallace were no longer listed as defendants in the case and properly terminated them from this cause of action. This was neither the Court's error nor the Clerk's error. Plaintiff's counsel brought this dismissal on himself when he failed to include Elizabeth Ackman and Dalton Wallace as defendants in the Second Amended Complaint. To the extent that Plaintiff wishes to change the names of the defendants currently listed in the Second Amended Complaint, the Court grants Plaintiff seven days from the date of this Order to file a new amended complaint. Plaintiff's request for this Court to amend its June 20, 2006, Judgment because of his own error in identifying the defendants in the Second Amended Complaint is denied.

Plaintiff's next argument is that this Court should vacate its June 19, 2006, Order granting Rule 54(b) certification and the June 20, 2006, Judgment in favor of Defendants Sonni Williams and the City of Peoria based on the District of Columbia Circuit's recent decision in *Doe v. Metropolitan Police Department,* 445 F.3d 460, 461, n. 19 (D.C.Cir. 2006). With all due respect to Plaintiff, the Court does not find that *Doe* is controlling. First, *Doe* deals specifically with District of Columbia ordinances whereas the instant case involves City of Peoria ordinances. Additionally, Plaintiff appears to argue that the *Doe* opinion is instructive because the court held that an arrest of the plaintiffs for a civil offense was an arrest by definition without probable cause contrary to the Fourth Amendment. However, even if this is the law in the District of Columbia, it is not the law

here in Illinois.  *See McNair v. Coffey*, 279 F.3d 463, 465 (7th Cir. 2002) (finding that an arrest based on probable cause to believe that someone has not paid parking tickets is proper).  This Court has previously and repeatedly addressed the validity of Plaintiff's arrest in this case and has found that her arrest was supported by probable cause and authorized by Illinois state law. The decision in *Doe* does not compel this Court to vacate its decision in favor of Sonni Williams and the City of Peoria and Plaintiff's request for this Court to do so is denied.

Finally, Plaintiff argues that the record in this case should include the final result of Plaintiff's search of the records of the Circuit Court of Peoria County.  Specifically, Plaintiff wants various affidavits and spreadsheets that she has created and gathered regarding the total number of individuals who have been arrested without service of process for violating city ordinances in the City of Peoria to be added to the record in this case.  Upon review of Plaintiff's exhibits, the Court finds that these exhibits and additional records are not relevant to the instant case.  This Court previously denied Plaintiff's Motion to Amend her Complaint to include class allegations and there therefore Plaintiff's request to have these exhibits, which pertain to putative class members and not Plaintiff, added to the record is denied.  Accordingly, as the Court finds that these exhibits are irrelevant to this case, Plaintiff's Motion to Amend the Exhibits attached to the Motion to Vacate is denied.

For the reasons sets forth above, Plaintiff's Motion to Vacate Judgment [#101] is DENIED and Plaintiff's Motion to Amend/Correct Motion to Vacate by Adding Exhibits [#105] is DENIED.

ENTERED this 24th day of July, 2006.

        s/Michael M. Mihm
        Michael M. Mihm
        United States District Court